# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:19-cv-01223-JVS (SK) | Date | August 16, 2019 |
| Title | Xavier Fort v. McDowell, Warden | | |

| | |
|---|---|
| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In August 2019, Petitioner filed a petition under 28 U.S.C. § 2254, challenging his life sentence without possibility of parole for felony murder. *See People v. Fort*, 2018 WL 1835806, at *4 (Cal. Ct. App. Apr. 18, 2018).[1] After his initial conviction was reversed on appeal, the State of California amended the information and then retried Petitioner. *Id*. at *5. After he was convicted again, Petitioner challenged the amendment to the information as a violation of California Penal Code § 1009 and as prohibited by "law of the case." Relatedly, he also challenged the trial court's failure to instruct on lesser included offenses. But the California Supreme Court rejected these claims. (*See* Case No. S246066). Petitioner now presses the same claims here on federal habeas review. However, it "plainly appears" that Petitioner "is not entitled to relief" for many reasons. Rule 4 of Rules Governing Section 2254 Cases; *see* L.R. 72-3.2 (Summary Dismissal of Habeas Corpus Petition).

First, the Court lacks habeas jurisdiction. A state prisoner is not entitled to relief under § 2254 unless he is held "in custody in violation of the Constitution or laws or treaties of the United States." *Engle v. Isaac*, 456 U.S. 107, 119 (1982). Petitioner's claims under California Penal Code § 1009 and the "law of the case" doctrine, however, arise under state law, not federal law. *See Jackson v. Powers*, 2010 WL 1946921, at *6 (C.D. Cal. Apr. 21, 2010) (federal court lacks jurisdiction over claim that "trial court misapplied California law" by permitting "prosecutor to amend the information") (citing *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997)); *Russell v. Davis*, 2011 WL 1254559, at *2 (C.D. Cal. Mar. 4, 2011) ("[L]aw of the case, *res judicata,* and collateral estoppel . . . are state law issues[.]"). Likewise, his jury instructional claim is not cognizable on federal habeas review to the extent it rests on California state law. *See Windham v. Merkle*, 163 F.3d 1092, 1106 (9th Cir. 1998) ("The failure of a state trial court to instruct on lesser included offenses in a non-capital case does not present a federal constitutional question."). Merely invoking "due process," as Petitioner does here, does not transform these quintessential state law claims into cognizable federal claims. *See Ray v. Netherland*, 518 U.S. 152, 163 (1996); *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999).

---

[1] The Court takes judicial notice of Petitioner's state appeal. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:19-cv-01223-JVS (SK) | Date | August 16, 2019 |
|---|---|---|---|
| Title | Xavier Fort v. McDowell, Warden | | |

Second, even if he could package his state law challenges as federal due process claims, Petitioner must still prove that the California Supreme Court's decision rejecting his challenges was contrary to or an unreasonable application of clearly established U.S. Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). But the U.S. Supreme Court has never held that "allowing the prosecution to amend the information violates a federal constitutional right." *Gadlin v. Cate*, 2014 WL 3734618, at *15 (C.D. Cal. July 25, 2014). Nor has the Supreme Court "[]ever explicitly held that the Due Process Clause . . . guarantees the right of a defendant to have the jury instructed on a lesser included offense." *Keeble v. United States*, 412 U.S. 205, 213 (1973). And Petitioner shows no basis to conclude that failure to follow the "law of the case" doctrine can somehow be contrary to or an unreasonable application of clearly established federal law. *See, e.g., Burton v. Waddington*, 142 Fed. App'x 297, 299 (9th Cir. 2005), *vacated on other grounds*, 549 U.S. 147 (2007). Therefore, the California Supreme Court's decision rejecting these claims is entitled to deference and may not be re-litigated in federal habeas court. *See Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) ("It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme Court].").

**THEREFORE, Petitioner is ORDERED TO SHOW CAUSE on or before September 16, 2019 why the Court should not dismiss this action for lack of jurisdiction or, in any case, as barred from re-litigation by § 2254(d)(1).**

If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing the attached Form CV-09. **If Petitioner does not file a notice of voluntary dismissal or timely response to this Order establishing both jurisdiction and reviewability under § 2254, the Court will recommend involuntary dismissal of the Petition for failure to prosecute and obey court orders.** See Fed. R. Civ. P 41(b); L.R. 41-1.